UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JUANITA BROWN

versus

CIVIL ACTION NO. 10-0917
JUDGE TOM STAGG

MONTCLAIR ASSISTED LIVING

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Montclair Assisted Living ("Montclair"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 41. For the reasons set forth below, Montclair's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

The plaintiff, Juanita Brown ("Brown"), an African American female, was hired by Montclair as a Personal Care Assistant in April 2009. Less than three months later, Montclair terminated Brown's employment, citing violations of Montclair's policies and procedures. See Record Document 41, Ex. B. Specifically, Brown violated company policy by working as a private sitter for a Montclair resident

at the same time she was working "on the clock" for Montclair.[1] See id., Ex. B. In other words, Brown was working two jobs simultaneously, earning ten dollars per hour as a private sitter in addition to her Montclair wages.

Brown subsequently filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that, pursuant to Title VII of the Civil Rights Act of 1964, she was unlawfully terminated on the basis of race. Finding the information presented did not establish a violation, the EEOC dismissed Brown's claim. See Record Document 1.

Brown, proceeding pro se, filed suit in this court on June 6, 2010. See id. Thereafter, Montclair filed this motion seeking summary judgment on the grounds that (1) Brown has failed to establish a prima facie case of discrimination; (2) Montclair had a legitimate, nondiscriminatory reason for terminating Brown's employment; and (3) Montclair's legitimate, nondiscriminatory reason for Brown's termination is not pretextual. See Record Document 41. Brown did not file an opposition to Montclair's motion for summary judgment.

---

[1] Brown does not dispute that she worked as a private sitter while on the clock with Montclair. See Record Document 1.

## II. ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.

3

2002).

### B. Brown's Failure To Respond To Montclair's Motion.

Brown was served a copy of the motion for summary judgment by the defendants on February 25, 2013. See Record Document 41. To date, Brown has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Brown failed to oppose the motion for summary judgment within the required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

Brown's failure to oppose the defendants' motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as the defendants still must establish the absence of a genuine dispute as to a material fact to prevail on their motion. See Hibernia Nat'l Bank v. Administracion Cent.

Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against Brown.

### C. Race Discrimination.

Brown alleges that Montclair discriminated against her by discharging her based on race. Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove employment discrimination through direct or circumstantial evidence. See Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003). As there is no direct evidence of discrimination in this case, Brown's claims are evaluated using the McDonnell Douglas burden-shifting analysis.[2] See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316-17 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

> To survive summary judgment under McDonnell Douglas, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate,

---

[2] "Direct evidence is evidence which if believed, proves the facts without inference or presumption." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). Brown does not offer direct evidence.

> nondiscriminatory reason for the underlying employment action. If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.

Davis, 383 F.3d at 317 (citations omitted).

To establish her prima facie case under McDonnell Douglas, Brown must establish that she:

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007). Montclair contends that summary judgment is proper because Brown has failed to demonstrate the fourth element, that she was replaced by someone outside her group or was treated less favorably than other similarly situated employees. In her petition, Brown alleges that she was treated less favorably than someone outside the group because a white female receptionist at Montclair was not terminated even though she also worked a separate job during Montclair working hours. See Record Document 1. However, at Brown's deposition, she was unable to provide any identifying information about the receptionist and has presented no other evidence corroborating this assertion. See

Record Document 41, Ex. A at 10-11.

Even accepting Brown's assertion about the receptionist, Brown has still failed to demonstrate the fourth element of the prima facie case. In order to prove disparate treatment from a similarly situated employee outside of a protected group, Brown must show, inter alia, that she and the receptionist "held the same job or responsibilities." See Lee v. Kan. City. S. Ry. Co., 547 F.3d 253, 260 (5th Cir. 2009). Brown, a Personal Care Assistant, and the receptionist held different jobs that entailed distinctly different responsibilities. Thus, because Brown cannot show that another employee holding the same job or responsibilities was treated more favorably, Brown has not established a prima facie case. Accordingly, summary judgment is appropriate under the McDonnell Douglas analysis.

Summary judgment would also be appropriate in this case because Montclair had a legitimate, non-discriminatory reason for terminating her employment. Brown does not dispute that she worked as a private sitter during the time that she was also working for Montclair. See Record Document 41, Ex. A at 10-11. Brown further concedes that her conduct violated Montclair's policies procedures and that she received an employee handbook containing these policies. See id., Ex. A at 17-18. Thus, summary judgment is also proper under McDonnell Douglas because Brown was terminated for a legitimate, non-discriminatory reason.

Finally, summary judgment is appropriate because Brown has not shown that the stated basis for her termination was merely a pretext for racial discrimination. Brown's petition alleges that she believes she was fired because of her race. However, "a plaintiff must present sufficient evidence to find that the employer's asserted justification is false." Crawford v. Formosa Plastics Corp., 234 F.3d 899, 903 (5th Cir. 2000) (citations and quotations omitted). Such evidence of pretext must be more than merely subjective and speculative. See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996). Brown has not presented any competent evidence to corroborate her subjective belief that Montclair's asserted justification is false. Therefore, there is not a genuine dispute of fact as to whether Montclair's decision to terminate Brown was a pretext for racial discrimination.

### III. CONCLUSION

Brown did not oppose defendant Montclair's motion for summary judgment. Montclair is entitled to judgment as a matter of law because it has established the absence of genuine disputes as to whether (1) Brown has presented a prima facie case of discrimination, (2) Montclair had a legitimate reason to terminate her employment, and (3) this reason was merely pretextual. Accordingly, Montclair's motion for summary judgment is **GRANTED** and all claims made by Brown against Montclair are **DISMISSED WITH PREJUDICE.**

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 26th day of April, 2013.

_/s/ Tom Stagg_
JUDGE TOM STAGG